DEMAREST and TONER *vs.* WICKHAM, Mayor of the City of New York.

The act of 1873, (chapter 335,) abolishing the board of assistant aldermen of the city of New York from and after the 1st day of January, 1875, and transferring its powers and duties to the board of aldermen, was valid and constitutional.

The office being one whose duration was not provided for by the constitution, it was subject to the authority vested in the legislature, over all municipal corporations; and its duration could be declared by law, within the plain import of section 3, article 10 of the constitution.

Accordingly *held*, that votes cast for the plaintiffs, for the office of assistant aldermen, at the general election held in November, 1874, were mere nullities, the office having been abolished; and that it was the duty of the mayor to recognize the board of aldermen, solely, as the common council of the city, and to regard and consider all its official acts, within the limits of its prescribed authority, as valid and effectual.

A PPEAL from order sustaining a demurrer to the plaintiffs' complaint, and from the judgment en-

tered pursuant to the same. (*S. C., very briefly reported,* 4 *Hun,* 627.)

*W. S. Wolf,* for the appellants.

*T. B. Clarkson,* for the respondent.

*By the Court,* DANIELS, J. By section two of an act passed on the 30th of April, 1873, to reorganize the local government of the city of New York, it was declared that the board of assistant aldermen should be abolished from and after the 1st day of January, 1875. But, notwithstanding this provision, the plaintiffs presented themselves as candidates for the office of assistant aldermen of the city, at the general election held in November, 1874, and received the votes polled for such offices, which votes were received, counted, and proclaimed by the different inspectors of election within the limits of the districts in which they were respectively candidates, and every act essential to their election was performed, if those offices continued to exist. But no other candidates were voted for at the election in 1874, for the office of assistant aldermen, and consequently no organization of the board has since been effected. For that reason the plaintiffs insist that the legislative powers of the city are suspended and incapable of being exercised, and they brought this action to enjoin the defendant, as mayor, from signing or vetoing any resolutions, ordinances, appropriations or contracts, or any acts passed, enacted or done by the board of aldermen as the common council, and to require a special election to complete the board of assistant aldermen.

In the change provided for by the act of 1873, no attempt was made to deprive the city of the powers exercised by the board of assistant aldermen. But from and after the first of January, 1875, they were transferred to, and conferred upon, the board of aldermen, which

was declared to be the common council after that; that was, to possess the powers and perform all the duties by law conferred or imposed upon the board of aldermen, assistant aldermen, the common council, or any one or more of them. (*Laws of* 1873, *p.* 484, *ch.* 335, § 2.) If this change were constitutionally made, then it. is clear that the votes cast for the plaintiffs were mere nullities; that the offices for which they were respectively candidates were abolished from the time when otherwise they might have entered upon the discharge of their duties; that it is now the duty of the defendant, as mayor of the city, to recognize the board of aldermen, solely, as the common council of the city, and to regard and consider all its official acts, within the limits of the authority prescribed for its government and control, as effectual and valid. In that event, the case made by their complaint has no foundation, whatever, to stand upon, and they were justly defeated by the decision of the Special Term.

The constitution of 1846 was in full force when the act of 1873 was enacted, and that contained nothing by which the office of assistant alderman of the city of New York was continued in existence, independently of the power of the legislature over it. The office was one whose duration was not provided for by the constitution, and for that reason it could be declared and controlled by law, within the plain import of section three of article ten. And it was subject to the authority vested in the legislature over all municipal corporations. For that purpose it was sufficient that no restraint was imposed upon the powers of the legislature in this respect. Its authority over the office was unrestricted, except that during its continuance it could only be filled by election or appointment in the mode prescribed by section two of article ten of the constitution of 1846. Whether it should be continued or abolished, and its functions and powers conferred upon other municipal.

officers of the city, was left unprovided for by that instrument. It was accordingly within the power and control of the legislature, whose authority over the office was complete as long as the constitution subjected it to no restraint. As to all subjects of that description, the power of the legislature is supreme and unlimited. This was distinctly held in the cases of the *Bank of Chenango* v. *Brown*, (26 *N. Y.*, 467,) and *People* v. *Pinckney*, (32 *id.*, 377.) The provisions of the act of 1873, by which the office of assistant aldermen was abolished, and the powers exercised by the board of assistant aldermen were conferred upon the board of aldermen from and after the first of January, 1875, were clearly within the authority of the legislature over the city as a municipal corporation. And the plaintiffs' action, for that reason, cannot be maintained.

The judgment and order appealed from were therefore entirely right, and should be affirmed with costs.

Judgment accordingly.(<i>a</i>)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) Affirmed by Court of Appeals. (See 63 *N. Y.*, 320.)