## BROOKE v. FOSTER.

*N. Y. Supreme Court, First District, Special Term ; February*, 1887.

*Discovery and inspection: attachment.*] A plaintiff who has caused the sheriff to levy an attachment issued as a provisional remedy on property of the debtor, and books and papers of the debtor relating to such property, has a right to examine the books and papers by leave of the court, so far as necessary to enable him to enforce the attachment.

Motion to vacate an order.

Joseph Brooke sued Chester M. and Charles E. Foster, and obtained an attachment against defendant's property, as a provisional remedy under *Code Civ. Pro.* § 635, etc.

Under the attachment the sheriff took possession of the property of the defendants, consisting of a large stock in trade, and of their books and papers.

The defendants had made a general assignment for benefit of creditors, and the assignee interposed to forbid the plaintiff to examine the books and papers of the debtors for the purpose of ascertaining their rights as attaching creditors, against third persons.

The plaintiffs moved for an order that the sheriff permit such examination, and that it be free from interference on the part of the assignee, etc.

The application was made *ex parte* on the attachments, and the following allegations in an affidavit by one of plaintiff's attorneys.

That on January 5, 1887, an attachment was issued by this court, against the property of the above named defendants to the sheriff of this county, and that said sheriff by virtue of said attachment took possession of the property of said defendants, including also the books and papers of said defendants relating to said attached property.

That said attachment is in full force, and effect, and defendants herein have been duly served with process, and said sheriff is still in possession of said property.

That as appears by the affidavits on which said attachment is issued, as well as by the schedules filed in the matter of the general assignment made by said defendants, there is about $700,000 worth of property in possession of the various parties in this city subject to claims for advances thereon, and it is claimed that there is a considerable equity in said property exceeding the sum of $150,000.

That copies of the attachment herein have been served upon the various parties holding the said goods, and that in addition thereto the schedules show a large deficiency in the assets over the liabilities, and that one of the grounds on

which said attachment was issued was that this deficiency was unaccounted for and unexplained by anything that happened in the business of the defendants.

That it is absolutely necessary that the books of said defendants be examined for the purpose of enabling the sheriff to take into his possession all the property attached, and also to determine the rights of said sheriff as against the property claimed to be held by the various parties under their alleged advances.

That after the issuing of the attachment and for a day, or two, the said books were under examination by an expert employed by the plaintiff and important information gained but before the examination could be completed the assignee declined to allow said books to be examined.

That the plaintiffs have indemnified the sheriff against the claim of the assignee herein and any other claimants to said property by a bond given on behalf of said plaintiffs, and deponent has applied to said sheriff to permit such examination to be made of the books, which the said sheriff is willing to do, and desires, however, that an order be made by this court for his guidance in the premises.

Deponent therefore, on behalf of plaintiffs, asks for an order directing said sheriff to allow the plaintiffs or expert to examine said books and papers now in the possession of the said sheriff, for which order no previous application has been made.

Deponent further says that prior to issuing the said attachment, executions were issued to said sheriff, and are now in his hands, which executions will, to the best of deponent's belief, exhaust all the property now in the hands of the said sheriff, which are free from any lien ; consequently, to preserve the lien of said attachment on the other property of said defendants, as well as to realize the amount of said attachment, it is necessary that said books be examined.

The order was as follows :

[*Title of court and cause.*]

Upon the annexed affidavits and attachments heretofore issued herein, it is ORDERED, that the sheriff of the city and county of New York, permit the plaintiff or their expert accountants to examine the books and papers of the said defendants relating to their property and to their business, now in the possession of the said sheriff, and that such examination be permitted free from any interference on the part of said defendants or their assignee, attorneys, agents or servants.

The motion to vacate this order was founded on the following allegations in an affidavit by the assignee :

That he is the assignee under the general assignment made by C. M. Foster & Company, and as such, took possession of all the property of the said firm, including their books of account ; that the business of the said C. M. Foster & Company was that of importers and dealers in upholstery goods, and that their transactions were very large; that on January 18, 1887, the sheriff of the city of New York presented, to deponent, an order made by the Honorable A. R. LAWRENCE, dated on that day, directing him, the said sheriff, to permit the plaintiff in this action, or their expert accountant, to examined the books and papers of the defendants.

That Arnold Davidson, an expert accountant, employed by the plaintiff, accompanied said sheriff, and that the sheriff thereupon took from the safe, and from deponent's place of business, a large number of books of account, selecting them under the instructions of the said Arnold Davidson, who examined all the books in deponent's office for the purpose of selecting out those which he desired to particularly examine. That deponent, through his counsel, then and there stated to the sheriff that he was willing that any examination should be made of the books at deponent's place until deponent could make application to Judge LAWRENCE for a modification or vacation of the said order. That the sheriff

declined to have the examination proceed at said place, and thereupon forcibly removed all the books of account stated upon the annexed schedule, and took the same, as deponent is informed, to the office of Topping & Company, auctioneers. That deponent remonstrated with the sheriff, and informed him that the books of account were essential to deponent to enable him to perform his duties as trustee for the creditors, and that their removal would seriously impede him in the performance of such duties, and would cause great and serious injury to the assigned estate.

Deponent further says, that on January 21, 1887, by an order duly made by this court and entered upon that day, he was appointed receiver of all the property, estate, effects and choses, in action of the above-named defendants, and of all the property theretofore assigned or attempted to be assigned under the general assignment hereinbefore referred to.

*William B. Putney* (*Putney, Bishop & Slade*, attorneys), for the assignee, moved to vacate the order, and cited Garden, v Sabey, 10 *Weekly Dig.* 37.

*Alexander Blumenstiel* (*Blumenstiel & Hirsch*, attorneys) opposed.—I. Section 644 of the Code provides that the sheriff may on an attachment not only take the property but also all the books, papers and documents relating to the attached property, and we claim that to have a reasonable meaning, the intent of that section, is not only that the sheriff shall take the books as such but that he has a right through the plaintiffs or any body else by him appointed to inspect the books for the purpose of discovering the state of the attached property, as well as to discover whether any lawful claims exist against it, and in connection therewith to learn and discover what outstanding accounts there are due that he may attach them. To contend merely that he has a right simply to take the books the same as he does the stock, to wit; for the value of the paper comprised in said

Brooke *v.* Foster.

books is absurd and the section would have no meaning. This is all that the order of Mr. Justice Lawrence is directed at, and it is made within the clear intent of the provisions of the said section. The affidavits disclose a large amount of attached property, subject to liens and claims thereon, and that the object of examining the books on our part is to ascertain the nature of such liens and claims. Notwithstanding a special term decision in the third department quoted by the other side, this court at special term held by Mr. Justice Barrett held the contrary in Bleier *v.* Davidson, [see p. 207, *n.*] an action in equity against the sheriff for the books and for an injunction restraining the sheriff and attaching creditors from examination. Justice Barrett denied the motion for an injunction and we refer the court to the papers in said action and used on said motion, which we submitted, showing that the court decided under those papers that the assignee had no right to interfere with the possession of the sheriff of the books in question, and said decision ought to be conclusive on this motion.

II. The assignee has no standing in the court on this motion. The order is made in an action to which he is not a party. It does not direct the sheriff to take the books from the custody of the assignee, nor is the assignee in any way mentioned in this order. The books before the making of the order were in the possession and under the control of the sheriff and being in his possession and under his control, whatever order this court makes to the sheriff is not the concern of the assignee, and he cannot come in to remove or vacate it. If the assignee claims any right to the said books, he has his remedy either by replevin proceedings to get possession of the books, or by an action in equity, and as we have already seen in the case cited before Justice Barrett, the assignee has even no right in a direct action.

III. We have not, as matter of courtesy, interfered with the privilege on the part of the assignee to inspect the books to enable him to collect in the outstanding accounts or for any other purpose; and we do not desire to interfere

Brooke v. Foster.

with him in that respect, although we show by opposing affidavits, that a collusive action has been brought to set aside the assignment at the instance of one Latham, assignee of a claim of Monroe & Co., which claim arose out of advances made by that firm, against property, hypothecated with them, and it is strange that, notwithstanding that the firm is secured by the merchandise so hypothecated, they should have obtained a judgment and had an execution returned or within a few days, and then brought an action to set aside a general assignment under which they themselves are preferred. We do not think that this motion is made in good faith, and we claim that one of the objects in making this motion is to prevent us from investigating the account of Monroe & Co., and, in connection with that, should prevent us from reaching $125,000 worth of merchandise in their possession.

LAWRENCE, J.—This is a motion to vacate an order made by me on the 18th of January, instant, ordering the sheriff to permit the plaintiffs or their accountants to examine the books and papers of the defendants in the sheriff's possession, and directing that such examination be permitted free from any interference on the part of the defendants or their assignee, etc. The motion is resisted on the part of the plaintiffs, by affidavits showing that a large amount of the attached property is subject to liens and claims thereon, and that the object of examining the books on their part is to ascertain the nature of such liens and claims.

By section 644 of the Code, the sheriff has power to take not only the property but also the books, papers and documents relating to the attached property.* It would seem from this that the intention of the Legislature was that the

---

* The provision in question is as follows:

"§ 644. The sheriff must immediately execute the warrant, by levying upon so much of the personal and real property of the defendant, within his county, not exempt from levy and sale by virtue of an execution, as will satisfy the plaintiff's demand, with the costs and expenses. He must take into his custody all books of account, vouchers

Brooke *v.* Foster.

books of the debtor should be subject to the examination not only of the sheriff but of the plaintiff, for the purpose of discovering what, if any, amounts are due, and what, if any, claims exist against the property attached.

The defendants rely upon the case of Garden *v.* Sabey (10 *Weekly Dig.* 33),* decided at the Special Term of the Fifth Department, in which it was held that the sheriff should allow no one to examine books attached by him except the defendant or his assignee or agents. I do not concur in that view, and it appears that in the case of Bleier *v.* Davidson [reported below],† which was an action

and other papers, relating to the personal property attached, and all evidences of the defendant's title to the real property attached, which he must safely keep, to be disposed of, as prescribed in this title."

\* In that case the sheriff gave the attaching plaintiff free access to the books and papers, without leave of court, and excluded the defendant and the assignee.

The decision was that the sheriff should examine the books only for the purpose of strictly enforcing the attachment, until further action of the court. It is therefore not an authority against the power exercised in the case in the text.

† In Bleier *v.* Davidson (*Supreme Court, Special Term, April,* 1884) it was held that where the possession and examination of the books of a debtor are reasonably necessary to enable the sheriff to enforce an attachment levied on the debtor's property, an injunction should not be granted against his taking them from the possession of an assignee for the benefit of creditors, even though the attaching creditors are impeaching the validity of the assignment on allegations that it was made in fraud of creditors.

Leopold Bleier, as assignee for benefit of creditors of Moses and Elias Henlien and Louis Wolf, brought this action against Alexander V. Davidson, the sheriff, and a number of attaching creditors, under the following circumstances.

Henlien & Co. had failed and made an assignment to plaintiff for the benefit of creditors. The attaching creditors indemnified the sheriff, who thereupon seized the goods and books of the debtors; and when sued in the N. Y. Common Pleas for trespass, etc., the sheriff answered impeaching the assignment as made with intent to defraud creditors.

The sheriff threatening to remove the books from the assignee's

brought by an assignee to restrain the sheriff from taking possession of the books of his assignor under attachments issued to the sheriff, Mr. Justice BARRETT denied the motion to continue a preliminary injunction that had theretofore

custody, the assignee brought this action in the Supreme Court to enjoin him from so doing.

The complaint alleged in the first paragraph the assignment and filing, etc.; II., acceptance by assignee; III., issue of warrants of attachment to defendant; IV., defendant's indemnification; V., that motions to vacate said attachments had been denied, but appeal was pending.

VI. That the books aforesaid came into the possession of the plaintiff, and contained, as he is informed and believes, entries of all the business transactions of the said assignors, and statements of accounts due the estate of said assignors from various debtors.

VII. That the said defendant has taken possession of the said books, and threatens to remove the same from the custody of the plaintiff under the attachment aforesaid.

VIII. That the possession and custody of such books will be absolutely necessary for the proper execution and administration of such trust as assignee, and he is advised that the general creditors of the assignors aforesaid, are entitled under the law to access and examination of said books, and as he is further advised, the defendant has no power in law under said attachment, to take away the said books, nor to the possession of the accounts due the estate which are therein set forth, none of which accounts, the plaintiff verily believes, have been attached by the defendant in the manner required by law, or in any other manner whatever.

IX. That the seizure of said books will work an irreparable injury to plaintiff, that it will interfere with his duties as such assignee, and especially embarrass him in his efforts to collect the outstanding accounts, which, according to his information, amount to many thousands of dollars, and the plaintiff fears that unless he can have full and undisturbed access to and custody of said books, in order that he may ascertain when the several accounts mature, some of the debtors of the estate may become insolvent and occasion a loss to deponent as such assignee and to the estate, and in addition the rights of the various creditors of the said assignors of whom the plaintiff is the trustee, will be impaired and impeded.

X. There is no remedy by which the plaintiff can be adequately indemnified against the loss and the embarrassment to the estate, and to his administration of the trust occasioned by the removal of such

been granted. As this motion is made on behalf of the assignee, the decision in that case is controlling upon me, and this motion will therefore be denied, without costs.

Order accordingly.

There was no appeal.

---

books by the defendant; and this plaintiff, through his counsel, has applied to the defendant from interfering with said books, but the defendant declines to give up the possession thereof.

The answer, after denying the allegations in the complaint, VII., denied that the defendant is remediless at law, by reason of the attachment of said books of account, in this, that as defendant is informed and verily believes, the entire accounts assigned to plaintiff amount in actual value to $70,500, of which the plaintiff has collected about $57,373.74, leaving a balance to be collected of $13,126.66, which sum is the full measure of the plaintiff's damages in this action, which amount it cannot exceed.

VIII. Further answering, defendant alleged that the aggregate amount of said attachment, with interest and costs, is about $40,000. That the appraised value of the goods attached and taken away is about $26,000. That there are no other goods or property subject to such attachments, except the accounts so assigned and the books of the assignors, and unless the defendant is allowed to attach and take away said books, and collects said accounts, he will be unable to attach and safely keep sufficient assets to satisfy said attachments as by law he is commanded to do.

IX. That because of his levies under said attachments, and his taking away of said $26,000 worth of goods, the plaintiff herein as such assignee has brought an action in the court of common pleas, in and for the city and county of New York, against this defendant and his indemnitors to recover the sum of $50,000, in which action the plaintiff if aggrieved by reason of the defendant's attaching and taking away the said books, can readily prove the amount of such damage and collect the same from the defendant.

BARRETT, J., after argument and consideration, denied the motion, with ten dollars costs.