406   Springfield National Bank *v.* Breitung.   Nos. 3, 4.

Second Department, November, 1917.        [Vol. 180.

Springfield National Bank, Respondent, *v.* Edward N. Breitung and Others, Appellants, Impleaded with Azel A. Packard and William G. Wheat, Defendants. (Appeal No. 4.)

Springfield National Bank, Respondent, *v.* Edward N. Breitung and Others, Appellants, Impleaded with Azel A. Packard and William G. Wheat, Defendants. (Appeal No. 3.)

Second Department, November 16, 1917.

**Attachment — books and papers of defendant — discovery — when plaintiff not entitled to examination of books seized by sheriff on attachment.**

In the absence of statutory authority the court upon general principles has no power to give a plaintiff an inspection of defendant's books and papers.

A sheriff in levying an attachment is only empowered by the Code of Civil Procedure to take possession of those books and papers of the defendant which relate to the property attached.

Where a defendant's books and papers seized by the sheriff on attachment do not relate to the property attached and where the defendant has rebonded the attached property so that the sheriff must return the books and papers, unless otherwise directed by the court, as required by section 710 of the Code of Civil Procedure, the plaintiff is not entitled to an order directing the sheriff to permit him to examine said books and papers, especially where the examination is sought only to discover property upon which attachment may be levied.

Appeals by the defendants, Edward N. Breitung and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of September, 1917, as resettled by a second order entered in said clerk's office on the 17th day of September, 1917, and also from part of an order of said court as resettled entered in said clerk's office on the same day.

*Otto C. Sommerich* [*Maxwell C. Katz* with him on the brief], for the appellants.

*Almet Reed Latson,* for the respondent.

MILLS, J.:

These are two appeals by certain defendants, the one from an order made at the Kings County Special Term September 17, 1917, which granted the plaintiff's motion for leave to inspect certain books of account of said defendants, which had been seized by the sheriff under an attachment against the property of said defendants; and the other from so much of an order made at the same Special Term as in effect denied the motion of the defendants to discharge the attachment from said books, after they had rebonded the property attached, and which directed the sheriff to permit the plaintiff to examine said books.

The question involved in these two appeals is the same practically, viz.: Has the plaintiff the right to inspect the defendants' books of account, which the sheriff seized in attaching the defendants' office furniture?

It is evident that, except by statutory authority, the court upon general principles has no power to give the plaintiff an inspection of defendants' books and papers. The power of the sheriff to take the books and papers into his possession, if any, is given by section 644 of the Code of Civil Procedure, which provides that in connection with his levy upon the defendants' personal property under the warrant, the sheriff " must take into his custody all books of account, vouchers, and other papers, relating to the personal property attached." It would seem, therefore, that the section by its very terms restricts the power of the sheriff to take to books and papers " relating to the personal property attached." There is nothing in the papers here to show that the books in question relate at all to any of the personal property seized under the warrant.

In the next place, section 710 of said Code provides, in effect, that when the attached property is rebonded, the sheriff must deliver to the defendant " all books of account, vouchers, evidences of debt, muniments of title, or other papers, relating to the property, * * * which he has taken in the course of the proceedings * * *" "unless otherwise specially directed by the court or judge." I think that the terms of both said sections indicate clearly that the power of the sheriff to take, and also his power to retain

under the direction of the court, is limited to books and papers " relating to the property attached."

The brief of the respondent claims no other authority for the procedure taken by the Special Term, challenged by these appeals, than that given by said sections. Therefore, it seems to me that the said orders were entirely unauthorized. No decision to the contrary effect is cited by the learned counsel for the respondent, except the case of *Krooks* v. *L. & C. Wise Co.* (28 N. Y. Supp. 641), in which the late Mr. Justice PATTERSON at Special Term, in a very brief opinion, held that the sheriff could not break open defendant's safe to get at his books of account under an attachment, but should allow the plaintiff to examine such books of the defendant as he otherwise might seize under the attachment. He does not appear in his opinion to have considered expressly the question of the above limitation. In his holding that the sheriff could not break open the safe to get at attachable property, that justice held directly contrary to what the former General Term in the First Department, the late Mr. Justice DANIELS writing, held in the case of *United States* v. *Graff* (67 Barb. 304; 4 Hun, 634).

In the said *Graff* case it was distinctly held that the sheriff, having seized, under a warrant of attachment, defendant's books and papers, should not permit plaintiff to examine them. (See 67 Barb. 312.) The learned counsel for the appellants cites three Special Term cases, viz., *Garden* v. *Sabey* (10 Wkly. Dig. 33), wherein it was held that the sheriff should not permit the attaching plaintiff to examine the books of the defendant which he had seized under the attachment; *Brooke* v. *Foster* (20 Abb. N. C. 200) and *Bleier* v. *Davidson* (Id. 207, *n.*), in each of which the contrary appears to have been held. Such counsel points out that in each of those cases there had been an assignment for the benefit of creditors and the books when taken by the sheriff were in the possession of the assignee, that is, of the court, and he contends that they are, upon that ground, to be distinguished from the instant case. I think they are to be more especially so distinguished upon the ground that the fair inference from the opinions in those cases is that the books which had been seized did relate to the property attached.

In the instant case the moving affidavit frankly states that the purpose of the examination sought by the plaintiff is " to discover property upon which the attachment may be levied; " and no claim appears to be made that the books and papers relate at all to the property already attached.

I advise, therefore, that in the first appeal the order appealed from be reversed, with ten dollars costs and disbursements; and that in the other the portions of the order appealed from be reversed and said order modified so as to require the sheriff to deliver to the said defendants their said books upon the defendants making and filing the undertaking required by said order.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order granting motion for inspection of books reversed, with ten dollars costs and disbursements; order denying motion to discharge attachment in so far as appealed from reversed, and said order modified so as to require the sheriff to deliver to defendants their said books upon defendants making and filing the undertaking required by said order.